IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GILBERT M. MARTINEZ** : | |
| **Plaintiff,** : | |
| v. : | |
| : | Civ. No. 14-1860 |
| **CAROLYN W. COLVIN,** : | |
| **Acting Commissioner of** : | |
| **Social Security Administration** : | |
| **Defendant.** : | |

# O R D E R

Plaintiff Gilbert M. Martinez challenges the denial of his claim for Social Security Insurance Benefits under Title XVI of the Social Security Act. (Doc. No. 20.) Magistrate Judge Hart recommended granting judgment in favor of the Commissioner. (Doc. No. 26.) Plaintiff filed a Response titled "Objections to [the] ALJ's Recommendation," and Defendant replied. (Doc. Nos. 27, 31.) I will overrule the objections and adopt the Report and Recommendation.

I.      Factual and Procedural History

On September 9, 2011, Plaintiff filed an application for supplemental security income, alleging disability beginning in August 2011. (Doc. No. 18, Admin. R., 173-179.) The Social Security Administration denied Plaintiff's application in January 2012. (Id., 75-87.) Plaintiff appealed and, after a hearing in July 2013, the ALJ denied Plaintiff's claim for benefits. (Id. at 8-24.) The Appeals Council denied Plaintiff's request for review, and Plaintiff, proceeding *pro se*, filed this action. (Id. at 1-5; Doc. No. 4.) On December 3, 2015, Judge Hart recommended affirming the Commissioner's final decision. (Doc. No. 26.) On December 22, 2015, this matter was reassigned from Judge Gardner to me. (Doc. No. 29.)

II.      Standard of Review

The ALJ's decision must be upheld if it is supported by "substantial evidence." Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 564–65 (1988)).

I must review *de novo* each issue addressed by the Magistrate Judge to which Plaintiff has raised a timely and specific objection. 28 U.S.C. § 636(b)(1) (2002); see also Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). I may "accept, reject, or modify, in whole or in part, the [Magistrate Judge's] findings and recommendations." 28 U.S.C. § 636(b)(1); see United States v. Raddatz, 447 U.S. 667, 676 (1980).

III.     Discussion

In response to Judge Hart's Report and Recommendation, Plaintiff raises seven arguments, each of which he characterizes as an "objection against ALJ's recommendation." (Doc. No. 27 (titled "Objection to ALJ's Recommendation").) Rather than address Judge Hart's Report and Recommendation, Plaintiff instead (improperly) uses this opportunity to reiterate his disagreements with the ALJ's underlying decision. All Plaintiff's purported objections are thus procedurally deficient, and I may not consider them. See E.D. Pa. Local Rule 72.1(IV)(c) ("All issues and evidence shall be presented to the magistrate judges, and unless the interest of justice requires it, new issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge."); Facyson v. Barnhart, No. CIV. A. 02-3593, 2003 WL 22436274, at *2 (E.D. Pa. May 30, 2003) (refusing to consider "plaintiff's general dissatisfaction and disagreement with the Report and

2

Recommendation" and addressing Plaintiff's purported objections only in the interest of justice), aff'd, 94 F. App'x 110 (3d Cir. 2004).  Because Plaintiff is acting *pro se*, however, I will address his arguments on the merits.

Plaintiff argues the ALJ erred by finding that Plaintiff could perform alternative occupations. (Doc. No. 27, Obj. 1.) He asserts this finding was "highly improbable" because the alternative occupations would require: 1) full use of the right hand; and 2) some prior experience—both of which he lacks. Like Judge Hart, I disagree.

The alternative occupations the ALJ found do not require full use of the right hand.  The ALJ properly accounted for any hand limitations Plaintiff purportedly has by restricting the vocational expert's assessment of alternative occupations to those requiring only limited finger use. (Doc. No. 18, Tr. at 67, 69 ("Q [ALJ]: I'd like you to assume an individual [who] . . . can occasionally finger with the right hand.").)  The ALJ's questioning in this regard comports with the substantial medical evidence suggesting that Plaintiff's use of his right hand was only mildly limited (if at all).  (Id. at 17, 287 (consultative physician found no visible deformity other than the flexion contractures in the right fingers and imposed no limitations on Plaintiff's ability to reach, handle, or finger); Tr. at 60 (medical advisor noted that while Plaintiff may have "some fine motor issues with regard to right-hand contraction," it was "difficult . . . to know how limiting it is.").)  I thus reject Plaintiff's contention that the alternative occupations were improbable because they require full use of his right hand.

Additionally, the alternative occupations do not require experience.  These occupations—including delivery driver, storage facility rental clerk, and sales attendant—are defined as entry-level unskilled work, i.e., "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a). They thus do not require

experience. Assuming, *arguendo*, these positions required some experience, Plaintiff—who can read and write, has a high school education, and who previously worked as a tile mechanic and delivery truck driver—had the requisite background. (Id. at 35-36.) Accordingly, I will overrule Plaintiff's objection.

Plaintiff argues that Defendant failed to give him proper notice that it would present vocational expert testimony at the hearing. Plaintiff did not raise this issue before Judge Hart, who accordingly did not address it. The record includes a June 24, 2013 Notice of Hearing addressed to Plaintiff, which described the hearing process and stated: "A vocational expert will testify at your hearing." (Doc. No. 18 at 125.) He thus received fair notice that a vocational expert would testify. Accordingly, I will overrule Plaintiff's objection.

Plaintiff argues that because Defendant attempted to "preclude any relevant records pertaining to plaintiffs [sic] Rheumatoid Arthritis," the ALJ's characterization of "after-submitted lab test results" was erroneous. (Doc. No. 27, Obj. 3.) The report at issue (dated April 30, 2013) apparently showed that Plaintiff tested positive for a high rheumatoid factor, and Plaintiff now relies on it to claim a diagnosis of rheumatoid arthritis. As Plaintiff acknowledges, however, he did not submit the report until "two days later"—i.e., after the hearing with the ALJ. (Id.) The ALJ thus did not mischaracterize this belatedly-submitted report as "after-submitted."

Plaintiff nonetheless contends that Defendant prevented Plaintiff from introducing this report at the hearing or from otherwise cross-examining the medical witnesses, including Dr. Brian Richards, respecting Plaintiff's purported rheumatoid arthritis. The record belies this claim.

The ALJ repeatedly permitted Defendant to present evidence and cross-examine witnesses. (Tr. at 52: (ALJ: "Is there anything else that we haven't talked about that you think

is important for me to consider, Mr. Martinez?"); Tr. at 60 (ALJ: "Mr. Martinez, do you have any questions you would like to ask Dr. Richards?"); Tr . at 70: (ALJ: "As I said, Mr. Martinez, I would give you an opportunity if you wanted to make some arguments or points before we conclude, that you can do so now.").)  Additionally, the ALJ informed Plaintiff that he would consider any records submitted after the hearing, which would be incorporated into the record. (Tr. at 32 (ALJ: "And the documents that you brought with you will be added as an exhibit once the hearing is done, and any additional documents we receive will also be made exhibits."); Tr. at 63 (ALJ: "I want to see those documents, if they exist, before I make my decision, but Dr . Richards can only testify what he's seen."); Tr. at 64 (ALJ: "If there are still additional records out there, which there may be, we will get those records and they will be properly considered before a decision is made on your case.").)

I thus agree with Judge Hart that Plaintiff is not entitled to relief on this basis.  Plaintiff had ample opportunity to introduce any evidence—including the April 30, 2013 report—at or after the hearing, and the ALJ properly considered those records before rendering his decision. (Doc. No. 18, ALJ Hearing Decision, 14, 18 (acknowledging a reference to a high rheumatoid factor, but noting no resulting functional limitations based on his review of the totality of the record.)

Finally, Plaintiff argues that he was entitled to "further testimony" after he belatedly submitted the April 30, 2013 report.  (Doc. No. 27, Obj. 3.)  Plaintiff does not explain what additional testimony he would have introduced, however, or how it would have altered the ALJ's decision.  Judge Hart thus properly found that "further testimony" would not have altered the ultimate result in this case because substantial evidence—including significant medical evidence refuting a rheumatoid arthritis diagnosis and Plaintiff's own admission that his supposed

rheumatoid arthritis was undiagnosed—supported a finding of no disability and no resulting functional limitation. (Doc. No. 26 at 8-9; Doc. No. 18 at 60, 283-295.) Indeed, Plaintiff himself acknowledged the adequacy of the existing record in a July 24, 2013 letter to the ALJ. (Doc. No. 18 at 252 ("I don't see the need for you to obtain any additional records at this time. Your findings based off the records will be adequate enough.").) Accordingly, I will overrule Plaintiff's objection.

Plaintiff argues the ALJ erred in finding that his rheumatoid arthritis was undiagnosed. (Doc. No. 27, Obj. 4 ("Plaintiff denies ALJ's allocation [sic] that plaintiff conceded at the hearing not being diagnosed with Rheumatoid Arthritis.").) The following exchange occurred at the administrative hearing:

> Q (ALJ): And how long have you suffered from rheumatoid arthritis?
>
> A (Plaintiff): It's going on two years now.
>
> Q (ALJ): And do you know when that was diagnosed or by whom it was diagnosed?
>
> A (Plaintiff): Well, it wasn't actually diagnosed.

(Tr. 37). Plaintiff thus conceded that his rheumatoid arthritis was undiagnosed. Accordingly, I will overrule Plaintiff's objection.

Plaintiff argues that the ALJ knowingly mischaracterized Plaintiff's sedimentation rate—a blood measure relevant to diagnosing inflammation—as "normal." (Doc. No. 27, Obj. 5). The medical advisor testified to medical records supporting this finding. (Doc. No. 18, Tr. 56 (Medical Advisor: "[T]here is another test called sedimentation rate which is normal"); 303 (May 2012 physical examination by Plaintiff's own treating physician recording Plaintiff's sedimentation rate as "WNL" (i.e., within normal limits)).) The ALJ was entitled to rely on this

medical evidence in determining the sedimentation rate and classifying it as normal. See Fisher v. Barnhart, 393 F. Supp. 2d 343, 347 (E.D. Pa. 2005) ("The Third Circuit has made clear that an ALJ is not free to set his own expertise against that of physicians who present competent medical evidence.") (citations and quotations omitted)). Accordingly, I will overrule Plaintiff's objection.

Plaintiff argues that the ALJ should not have considered Plaintiff's failure to visit a specialist because this was "irrelevant for purposes of diagnosing Plaintiff's conditions." (Pl, Obj. 7.)  He argues that neither Defendant nor the ALJ has disputed the "subsequent" diagnosis from Dr. Alexandra Etick. (Id.)

I agree with Judge Hart that Plaintiff mischaracterizes the record.  Far from relying on Plaintiff's failure to see a specialist as dispositive, the ALJ merely summarized Dr. Richards' testimony respecting the available medical evidence.  (Doc. No. 18, ALJ Hearing Decision, 14 ("[Dr. Richards] testified there is no notation of back and neck pain of degenerative disease on imaging studies, but nothing more than family practice the ALJ's review of the medical testimony.").) In any event, the ALJ was entitled to consider the entirety of Plaintiff's course of treatment and response to treatment in making his credibility determination.   20 C.F.R. § 416.929(c) (factors considered in evaluating disability).

Finally, Dr. Etick neither testified at the administrative hearing nor is there even a reference to her in any of the medical exhibits or any of the other documents in the record.  (Doc. No. 18, Exs. 7-9.)  Plaintiff does not identify when Dr. Etick examined or diagnosed him or the nature of her diagnosis.   I am thus unable to address (much less comprehend) Defendant's reference to Dr. Etick's purported diagnosis, which appears not to have been presented to the ALJ for consideration.  See Suarez v. Astrue, 996 F. Supp. 2d 327, 333 (E.D. Pa. 2013) ("[T]he Court

cannot remand the ALJ's decision based on the failure to confront evidence that does not exist.") (quotations and citations omitted). Accordingly, I will overrule Plaintiff's objection.

**IV.   Conclusion**

Because I find substantial evidence supports the ALJ's factual determinations, I will overrule Plaintiff's Objections and adopt the Report and Recommendation of the Magistrate Judge.

**AND NOW**, this 15th day of March, 2016, upon consideration of Plaintiff's Brief and Statement of Issues in Support of Request for Review (Doc. No. 20), Defendant's Response (Doc. No. 24), and the record herein, and after careful review of the Magistrate Judge Hart's Report and Recommendation (Doc. No. 26), Plaintiff's "Objections to ALJ's Recommendation" (Doc. No. 27), and Defendant's Response (Doc. No. 31), it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;
2. The relief sought in Plaintiff's Brief and Statement of Issues in Support of Request for Review (Doc. No. 20) is **DENIED**;
3. **JUDGMENT** is entered in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, and against Plaintiff Gilbert M. Martinez; and
4. The Clerk of Court shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.